## SHOTWELL vs. HARRISON.

It is incumbent on a party claiming title by priority of record of deed, to show, affirmatively the payment of a valuable consideration, and this by other evidence than the mere recitation in the deed.

Error to Van Buren Circuit.

*Opinion by* CHRISTIANCY, J.—This was an action of ejectment The premises in question were patented to Thomas B. Millard, May 1st, 1839. Both parties claimed under title derived from Millard. Millard, in August, 1837, executed a warranty deed of the prem-ises to Monroe; Monroe conveyed to Crittenden, in March, 1837, and Crittenden's heirs to Harrison, plaintiff in the Court below.— In 1865, Millard executed a second deed (quit claim) for the prem-ises, and Shotwell, by *mesne* conveyances, claims under this quit claim deed, and by priority of record.

It was objected that the deed from Millard to Monroe was not admissible purporting to be executed long before the issuing of the patent to Millard, and that the Court erred in charging the jury hat this made no difference in the case.

*Held,* That this objection was not well taken. The deed con-tained a warranty, and operated as an estoppel against him and all who might claim under him.

2. It was objected that the deed from the Crittendens was not admissible, because it was executed and acknwledged in the State of Massachusetts, and the Clerk's certificate to the official capacity of the Justice who took the acknowledgment did not show that the Clerk so certifying was the Clerk of a court of record, as required by the statute.

*Held,* That it appeared that the Clerk was the Clerk of the Su-preme Judicial Court of Massachusetts, for the county of Franklin, and this Conrt will take judicial notice that it is a court of record.

The defendant set up the following chain of titles :

1. A quit claim deed from Millard to Thomas Silliman, of Jan-uary 4, 1865, and recorded in Van Buren county, the next day, three years before the deed from Millard to Monroe was recorded.

2.  A quit claim deed from Thomas Silliman to Mary Conway, dated January 4, 1865, which was recorded October 30, 1867.

3.  A deed from Mary Conway to David Bacon, dated October 29, 1867, and recorded October 30, 1867.

4.  A quit claim deed from Bacon to the defendent, dated January 6, 1868, and recorded in Van Buren county, January 14, 1868, more than a month prior to the recording of Millard's deed to Monroe.

The Court below charged the jury that to enable the defendant to avail himself of the priority of record of the deeds through which he claimed, either the defendant or some of his grantors, after Millard, must be found to have purchased in good faith and for a valuable consideration, and that the burden of proof was upon the defendant to show affirmatively such consideration, and that by some other evidence than the mere recital of it in the deed.

The old deed from Millard to Monroe was recorded in Barry County, and a certified copy recorded in Van Buren County.  *Held* That the record of this copy could not be received as evidence.

[The original deed, however, was introduced in evidence.—REP.]

*Held,* That the Court below, erred in refusing to charge that the whole chain of deeds given in evidence by the defendant had priority of record against the plaintiff.

[For citation of authorities, see brief of counsel in this case, as reported in 1 *Mich. Nisi Prius,* 54.—REP.]